# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| OKWUCHUKWU JIDOEFOR, | Case No. 22-CV-2855 (PJS/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| OFFICE OF CHIEF COUNSEL, IMMIGRATION AND CUSTOMS ENFORCEMENT, and DEPARTMENT OF HOMELAND SECURITY, | |
| Respondents. | |

This action comes before the Court on petitioner Okwuchukwu Jidoefor's motion for a temporary restraining order ("TRO"). ECF No. 9. For the following reasons, the Court denies the TRO motion without prejudice and orders the Clerk of Court to transfer this matter to the United States Court of Appeals for the Eighth Circuit.

I.   FACTUAL BACKGROUND

Jidoefor is being held at the Freeborn County Jail pending his upcoming removal, which an immigration judge ordered in October 2018. *See* Docket (stating Jidoefor's present address); U.S. Dep't of Justice, Executive Office for Immigration Review, Automated Case Information website, https://acis.eoir.justice.gov/en/caseInformation (last reviewed Jan. 10, 2023) (detailing removal order). If Jidoefor is

to be believed, he will soon be removed to Nigeria.  *See, e.g.*, Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 7, ECF No. 1.[1]

As relevant here, Jidoefor has been convicted in two federal criminal cases.  In *United States v. Jidoefor*, No. 11-CR-0386 (MJD), Jidoefor pleaded guilty to one count of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 and 2(a).  *See* J. in a Criminal Case 1, *United States v. Jidoefor*, No. 11-CR-0386 (MJD) (D. Minn. Sept. 6, 2012).  Then, in *United States v. Jidoefor*, No. 16-CR-0340 (MJD/TNL), Jidoefor pleaded guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.  *See* J. in a Criminal Case 1, *United States v. Jidoefor*, No. 16-CR-0340 (MJD/TNL) (D. Minn. Oct. 19, 2022).[2]

On November 7, 2022, the Court received Jidoefor's habeas petition.  *See* Pet.  The petition asserts that Jidoefor is challenging his "[i]mmigration detention" and "[d]etainer" on various grounds.  *Id.* at 2, 6–7; *see also* ECF No. 3 at 1–2.  Some of these grounds do seem to target Jidoefor's detainer, but the petition's request for relief makes Jidoefor's real goal plain:  He wants the Court to prevent his "physical removal from the United States" pending a hearing on the petition. Pet. 7.  The petition, then, indisputably challenges Jidoefor's order of removal.

---

[1] Citations to filed materials use the page numbers generated by the Court's CM/ECF filing system.  The Court notes that Jidoefor has recently called the chambers of the magistrate judge assigned to this matter, suggesting that his removal is imminent.
[2] When Jidoefor was ordered removed in October 2018, he had been convicted in Case No. 11-CR-0386 (MJD), but not yet in Case No. 16-CR-0340 (MJD/TNL).

On December 14, 2022, Jidoefor filed the present motion.  *See* TRO Mot. 1.  Following on the petition's related requests, the motion asks for a TRO barring Jidoefor's removal from the United States pending a hearing on his petition.  *See id.*

II.     ANALYSIS

To assess a TRO motion, a court normally considers four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  But where a district court lacks jurisdiction over a TRO motion, that court need not address the *Dataphase* factors.  *See, e.g.*, *Rodriguez-Sosa v. Whitaker*, No. 18-CV-3261 (PAM/KMM), 2018 WL 6727068, at *1 (D. Minn. Dec. 21, 2018).

This Court lacks jurisdiction to review Jidoefor's final order of removal.  Under 8 U.S.C. § 1252(a)(2)(C), federal district courts have been stripped of jurisdiction over "[o]rders against criminal aliens":

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to

3

their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

As relevant here, 8 U.S.C. § 1182(a)(2)(A)(i)(I) refers to "crime[s] involving moral turpitude." The Eighth Circuit has stated that "[c]rimes involving the intent to deceive or defraud are generally considered to involve moral turpitude," *Lateef v. Dep't of Homeland Sec.*, 592 F.3d 926, 929 (8th Cir. 2010) (citing cases), and bank fraud (the charge underlying Jidoefor's 2012 conviction) clearly counts. So Jidoefor qualifies as an "alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," which means that this Court lacks "jurisdiction to review any final order of removal against" him. The Court therefore denies the TRO motion without prejudice based on lack of jurisdiction.

To be sure, under § 1252(a)(2)(D), the jurisdiction-stripping provision of § 1252(a)(2)(C) "shall [not] be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed *with an appropriate court of appeals* in accordance with this section." (Emphasis added.) Furthermore, reviewing § 106(c) of the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311, the Eighth Circuit has said that "*any* habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals." *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (emphasis added). As a result, the Court will order the Clerk of Court to transfer this matter to the Eighth Circuit.

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Okwuchukwu Jidoefor's motion for a temporary restraining order (ECF No. 9) is **DENIED** without prejudice for lack of jurisdiction.

2. The Clerk of Court must **TRANSFER** this action to the United States Court of Appeals for the Eighth Circuit.

Dated: January 10, 2023                          s/Patrick J. Schiltz_____
                                                 Patrick J. Schiltz, Chief Judge
                                                 United States District Court